## A. & W. SPRAGUE *v.* THE HARTFORD, PROVIDENCE, & FISHKILL RAILROAD COMPANY.

A corporation *exclusively* owing its corporate existence to the legislation or sovereign act of another state or country can alone be proceeded against, in the first instance, for debt, by attachment of its property, under ch. 182, § 1, of Rev. Stats.; and therefore, the H. P. & F. R. R. Co., originally consisting of two corporations, respectively established by the states of Connecticut and Rhode Island, which were afterwards united and established as one corporation, with one capital stock, and one set of stockholders and officers, both by Rhode Island and Connecticut, is not suable in Rhode Island by attachment of its property, but by writ of summons only, served either in the mode directed by ch. 179, § 7, of the Rev. Stats. or in the mode directed by the 14th section of its Rhode Island charter.

ASSUMPSIT for money lent and advanced by the plaintiffs to the defendants to the amount of $100,000.

Plea in abatement to the service of the writ, in substance, that, the same being in form a writ of summons and attachment, proper, under the statute, to a writ directed against a foreign corporation, was served by attaching the real estate of the defendants, and their personal estate in the hands of the American Bank in Providence, and of Amos D. Smith, Amasa Manton, and Marinus W. Gardiner, city treasurer of Providence, as trustees, agents, factors, or debtors of the defendant, when, in fact, the defendants, originally two corporations, respectively

established by the states of Connecticut and Rhode Island, were, before the commencement of the suit, established by *both* said states, as a united corporation, under the name of the Hartford, Providence, and Fishkill Railroad Company, with a joint stock, one body of stockholders, and governed by one set of officers, elected by such stockholders; ·and, as such corporation established by this state, should have been served by summons only.

To this plea the plaintiffs filed a general demurrer.

The officer's return, after setting forth the attachments, proceeded, " and have summoned said Hartford, Providence, and Fishkill Railroad Company, by leaving a true and attested copy of this writ, with the order thereon, with E. M. Brigham, secretary and treasurer, *or* agent of said corporation."

*Currey* and *T. A. Jenckes*, for the defendants :—

1st. The plea in abatement avers, that the property attached is the property of the united corporation, composed of two corporations; one, incorporated by the legislature of the state of Connecticut, and one, by the legislature of the state of Rhode Island; and that such united corporation, established under the statutes of this state, is not a foreign corporation. The writ issued against a foreign corporation, and is served as if the corporation had no existence under our laws. The service is therefore void.

2d. There is no service upon the agent of a foreign corporation, such as is required by the statute. There is no direction in the body of the writ to make such service. There is no agent or attorney named in the writ, and no direction to the officer to make service on an agent or attorney.

*Payne* and *Colwell*, for the plaintiffs :—

1st. The attachment is good. The defendant is no less a foreign corporation because it is created by the concurrent action of our own legislature and that of Connecticut.

2d. But if not, the writ does not abate; for if the attachment · is void, the writ is otherwise well served. Rev. Stats. ch. 179, § 7.

AMES, C. J. The defendants are not less a domestic corporation and established as such by this state, because they are also established as a domestic corporation by the state of Connecticut. It is only a foreign corporation, that is, one ex-

clusively owing its corporate existence to the legislation or sovereign act of another state or country, which can be proceeded against, in the first instance, for debt, by attachment of its property, under ch. 182, § 1, of the Revised Statutes. All other corporations are suable here only by writs of summons, served, either in the mode directed by ch. 179, § 7, of the Revised Statutes, or in the mode, if there be any, directed by their respective acts of incorporation. The service of this writ however, though void as a service of it by attachment, is good as a service of it by summons; the writ having been served, as appears by the return of the officer, by leaving an attested copy of it with E. M. Brigham, the secretary and treasurer or agent of the corporation; which is a good service of the writ under the 14th section of its Rhode Island charter, made part of the plea.

Upon the ruling that the service was void as an attachment, it was then agreed, that the plea should be sustained; the plaintiffs to have leave, without costs, to amend their writ and declaration, and the officer, if necessary, his return, so as to conform the same to the fact, and to the proper form and service of a writ of summons merely; the defendants to answer to the merits.